IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEENAN DAVIS,** | **CIVIL ACTION NO. 1:22-CV-1270** |
| **Plaintiff** | **(Judge Conner)** |
| v. | |
| **FCI-SCHUYLKILL**, *et al.*, | |
| **Defendants** | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Plaintiff, Keenan Davis, alleges that his civil rights were violated when prison officials intermingled prisoners on his housing unit with prisoners on another housing unit who were infected with COVID-19, causing him to become infected with the virus. We have screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and conclude that it fails to state a claim upon which relief may be granted. The complaint will be dismissed with prejudice.

**I.   Factual Background & Procedural History**

Davis, who has been incarcerated in the Schuylkill Federal Correctional Institution ("FCI-Schuylkill") at all relevant times, filed the complaint that initiated this case on August 15, 2022. (Doc. 1). Davis alleges that on February 14, 2021, staff in the prison intermingled inmates in his unit with prisoners from another unit who were infected with COVID-19. (<u>Id.</u> at 4). Davis alleges that he was particularly susceptible to a severe case of COVID-19 because he has diabetes and asthma. (<u>Id.</u>

at 4-5). Davis allegedly contracted COVID-19 as a result of the prison staff's actions. (Id. at 4). He alleges that he contracted COVID-19 a second time on March 18, 2021, after prison staff again intermingled the inmates in his unit with other inmates who were infected with the virus. (Id.) Davis alleges that the intermingling of the inmates constitutes cruel and unusual punishment in violation of the Eighth Amendment. (Id.) He names as defendants FCI-Schuylkill; Scott Finley, the warden of FCI-Schuylkill; and Dr. Mace, the head physician of FCI-Schuylkill. (Id. at 1-2). Davis seeks damages for the alleged violation of his civil rights.

## II. Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915(e)(2);[1] 28 U.S.C. § 1915A.[2] The court is required to identify cognizable claims

---

[1] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
    **(A)** the allegation of poverty is untrue; or
    **(B)** the action or appeal—
        **(i)** is frivolous or malicious;
        **(ii)** fails to state a claim on which relief may be granted; or
        **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

**III. Discussion**

In Bivens, the Supreme Court of the United States recognized an implied damages remedy for a Fourth Amendment violation committed by federal officials, whose conduct was not encompassed by the statutory remedy available against state actors under 42 U.S.C. § 1983. See Bivens, 403 U.S. at 397. More than 50 years have passed since Bivens was decided in June 1971. In that time, the Court has extended the Bivens remedy only twice: first, to a claim for gender discrimination under the Fifth Amendment's Due Process Clause, see Davis v. Passman, 442 U.S. 228, 248-49 (1979), and later to a claim for inadequate prison medical care under the Cruel and Unusual Punishment Clause of the Eighth Amendment, see Carlson v. Green, 446 U.S. 14, 18-23 (1980).

The Supreme Court's decision in Ziglar v. Abbasi, 582 U.S. __, 137 S. Ct. 1843 (2017) sets forth a two-part test for determining whether a prospective Bivens claim may proceed. First, courts must ascertain whether the case presents a "new context." See id. at 1859. If the case differs "in a meaningful way" from previous

---

**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
 **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
 **(2)** seeks monetary relief from a defendant who is immune from such relief.

Bivens cases decided by the Supreme Court, "then the context is new." Id. And the meaning of "new context" is "broad." See Hernandez v. Mesa, 589 U.S. __, 140 S. Ct. 735, 743 (2020). Second, if the case presents a new context, the court must then consider whether "special factors" counsel against extending the Bivens remedy. See id. This inquiry asks whether "the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." See Egbert v. Boule, 596 U.S. __, 142 S. Ct. 1793, 1803 (2022) (quoting Abbasi, 137 S. Ct. at 1858). If a court concludes that "even a single reason" exists to pause "before applying Bivens in a new context or to a new class of defendants," then special factors counseling hesitation exist and a Bivens remedy does not lie. See id. (quoting Hernandez, 140 S. Ct. at 743) (internal quotation marks omitted).

The Court's decision in Egbert, 142 S. Ct. at 1793, reemphasizes that the Court's continued refusal to "imply a similar cause of action for other alleged constitutional violations" is intentional—recognizing a new Bivens cause of action is "a disfavored judicial activity." See Egbert, 142 S. Ct. at 1803 (quoting Abbasi, 137 S. Ct. at 1857; Hernandez, 140 S. Ct. at 742-43). Egbert clarified that the two-step process laid out in Abbasi "often resolve[s] to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." See id. at 1803. In other words: if there is "*any* rational reason (even one) to think that *Congress* is better suited" to determine the propriety of a cause of action, then a Bivens action cannot proceed. See id. at 1805. The court must broadly inquire whether "there is any reason to think that 'judicial intrusion' into a given field might be 'harmful' or 'inappropriate'"—and if the answer is "yes," or

4

even *potentially* yes, the plaintiff cannot recover under Bivens.  See id. (quoting United States v. Stanley, 483 U.S. 669, 681 (1987)).  Mindful of Egbert's recent clarification and emphasis on the presence of special factors, we proceed with Abbasi's two-step analysis.

    **1.    New Context**

Only one of the three cases in which the Supreme Court has recognized a Bivens claim, Carlson, is potentially relevant to the instant matter.  In Carlson, the Court recognized an implied damages remedy under Bivens for prison officials' failure to provide medical care.  See Carlson, 446 U.S. at 25; see also Egbert, 142 S. Ct. at 1802.

The instant case is notably different from Carlson.  Although both cases involve prison officials' actions regarding an inmate's illness, Carlson concerned inadequate medical treatment of the illness after the inmate was already ill, while the instant case concerns officials' actions *prior* to an illness.  In other words, Carlson concerned alleged failure to treat an illness; this case concerns an alleged failure to prevent an illness.

We will also address the relevance of Farmer v. Brennan, 511 U.S. 825 (1994).  Although recent Supreme Court cases have not mentioned Farmer as one of the cases in which the Court recognized a Bivens remedy, see Egbert, 142 S. Ct. at 1803; Hernandez, 140 S. Ct. at 741; Abbasi, 137 S. Ct. at 1855, our court of appeals has recognized, post-Abbasi, that Farmer recognized an implied Bivens remedy for claims that prison officials were deliberately indifferent to a risk that an inmate

would be assaulted by other inmates.  See Bistrian v. Levi, 912 F.3d 79, 90-91 (3d Cir. 2018).³

In Farmer, the Court recognized a prisoner plaintiff's cause of action under Bivens alleging that prison officials were deliberately indifferent to the risk that the plaintiff would be assaulted by other inmates.  See Farmer, 912 F.3d at 829-34.  We find that the instant case is meaningfully different from Farmer.  Although both cases broadly allege deliberate indifference by prison officials, the deliberate indifference claim in Farmer arose from "prisoner-on-prisoner violence."  Bistrian, 912 F.3d at 90.  This case, by contrast, alleges that defendants were deliberately

---

³ The Supreme Court's more recent decisions in Hernandez and Egbert cloud this conclusion.  In Hernandez, decided two years after Bistrian, the Court reiterated that Bivens, Davis, and Carlson are the only cases in which the Court has recognized an implied damages remedy under Bivens.  Hernandez, 140 S. Ct. at 741.  In Egbert, decided in June of this year, the Court reiterated that after Bivens, Davis, and Carlson, "the Court has not implied additional causes of action under the Constitution."  Egbert, 142 S. Ct. at 1802.  Thus, to determine whether a Bivens claim presents a new context under Egbert, a trial court must determine whether the claim at issue is meaningfully different "from the *three cases* in which the Court has implied a damages action."  Id. at 1803 (emphasis added) (citing Abbasi, 137 S. Ct. at 1859-60).

A recent decision of our court of appeals also calls into question the continued viability of Bistrian.  In Dongarra v. Smith, 27 F.4th 174, 180-81 (3d Cir. 2022), decided between the Supreme Court's decisions in Hernandez and Egbert, our court of appeals considered a claim brought by a prisoner plaintiff alleging, like the plaintiff in Farmer, that prison officials were deliberately indifferent to the risk that the plaintiff would be assaulted by other inmates.  See Dongarra, 27 F.4th at 176-77.  Despite the facial similarities between the facts of Dongarra and the facts of Farmer, the court of appeals limited its analysis to the deliberate indifference claim recognized in Carlson and did not rely on or cite the implied damages remedy recognized in Farmer.  See id. at 180-81.

Despite these signs of weakness in Bistrain's holding, we acknowledge that Dongarra did not overrule Bistrian because Dongarra is not an en banc decision.  See, e.g., Bracey v. Superintendent Rockview SCI, 986 F.3d 274, 290 n.14 (3d Cir. 2021).  Hence, we continue to treat Bistrian as binding precedent, and must address the relevance of Farmer to the instant case.

6

indifferent to the risk that plaintiff would contract a virus. In sum, we find that Davis's claim presents a new context for Bivens that is meaningfully different from the claims recognized in Bivens, Davis, Carlson, and Farmer.

### 2. Special Factors

Having concluded that Davis's claim presents a new context, we must determine whether "there are any special factors that counsel hesitation" in extending Bivens. See Hernandez, 140 S. Ct. at 743 (internal quotation marks and alterations omitted) (quoting Abbasi, 137 S. Ct. at 1857). If a court "ha[s] reason to pause before applying Bivens in a new context or to a new class of defendants," then special factors counseling hesitation exist. See id.

The Supreme Court has recognized that "when alternative methods of relief are available, a Bivens remedy usually is not." See Abbasi, 137 S. Ct. at 1863. The alternative remedy need not "afford rights to participation or appeal," because a court should defer to congressional or executive choices in erecting a remedial process, rather than conduct its own independent assessment of government procedures. See Egbert, 142 S. Ct. at 1806. "If there are alternative remedial structures in place, 'that alone,' like any special factor, is reason enough to 'limit the power of the Judiciary to infer a new Bivens cause of action.'" Id. at 1804 (citing Abbasi, 137 S. Ct. at 1858.

The Bureau of Prisons' administrative remedy program provides an alternative remedy for Davis to pursue his claim. Mack v. Yost, 968 F.3d 311, 321 (3d 2020). Although Davis could not obtain money damages through the administrative remedy program, see id., the fact that the alternative remedy "do[es]

7

not provide complete relief" is immaterial.  Egbert, 142 S. Ct. at 1804. "Rather, the court must ask only whether it, rather than the political branches, is better equipped to decide whether existing remedies 'should be augmented by the creation of a new judicial remedy.'"  Id. (quoting Bush v. Lucas, 462 U.S. 367, 388 (1983)).  Having carefully considered this question, and mindful of the Supreme Court's direction that expanding the Bivens remedy to new contexts is a "disfavored judicial remedy," See Egbert, 142 S. Ct. at 1803 (quoting Abbasi, 137 S. Ct. at 1857), we conclude that Congress is better equipped to determine the contours of a damages remedy than the courts.  Davis's Bivens claim will accordingly be dismissed.

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile.  Phillips v. Allegheny Cty., 515 F.3d 224, 245 (3d Cir. 2008).  We will deny lave to amend as futile in light of our conclusion that Bivens should not be extended to the context of this case.

## IV.   Conclusion

We will dismiss the complaint with prejudice.  An appropriate order follows.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    September 19, 2022

8